UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE         ) | |
| SEARCH OF THE CELLULAR    ) | No. 2:22-mj-00133-KFW |
| TELEPHONE ASSIGNED          ) | UNDER SEAL |
| CALL NUMBER (207) 955-3537  ) | |

ORDER ON GOVERNMENT'S OUT-OF-TIME MOTION
TO RESEAL AND DELAY NOTICE

On December 22, 2022, I denied without prejudice the Government's motions to retroactively reseal and delay notice, directing that it file a motion predicated on excusable neglect rather than good cause shown. *See* ECF Nos. 8-9 ("Initial Motions"); ECF No. 10 ("Order"). The Government did so. *See* ECF No. 13 ("Renewed Motion"). For the reasons discussed below, the Renewed Motion is granted.

The Government had originally contended that, although it had found no controlling authority on point, nothing in the plain language of 18 U.S.C. § 3103a circumscribed the Court's discretionary authority to extend the delayed notice period *nunc pro tunc*. *See* ECF No. 9. The Government therefore argued that it met the requisites for a timely request for extension pursuant to 18 U.S.C. § 3103a(c) by demonstrating good cause and updating its showing of the need for further delay. *See id*.

In denying the Initial Motions, I observed that my research had disclosed authority from the United States District Court for the District of Kansas that I found instructive insofar as the court applied a more appropriate standard to untimely requests to extend delayed notice retroactively: that of excusable neglect pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B). *See* Order (citing *In re United States*,

1

No. 15-M-6287-01-GEB, No. 16-M-6147-01-GEB, 2017 WL 1208054 (D. Kan. Mar. 31, 2017); *In re Application of United States for Warrant*, Nos. 14-mj-8116-TJJ, 14-mj-8219-TJJ, 2015 WL 667923 (D. Kan. Feb. 13, 2015)). I directed that the Government refile its motion applying that standard, *see id.*, which entails consideration of "(1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for that delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith," *In re United States*, 2017 WL 1208054, at *3 (cleaned up). The Renewed Motion satisfies this test.

First, there is little, if any, danger of prejudice to the nonmoving party—the user of a cell phone with respect to which the Government obtained a search warrant to compel the provider of cell phone service to produce prospective precise location information (PLI). Because, as the Government observes, *see* Renewed Motion at 6-7, placing the target of this ongoing criminal investigation on notice of its existence could jeopardize the investigation, possibly resulting in efforts to tamper with witnesses, destroy the target cell phone or other evidence, or flee to avoid prosecution, the Court likely would have granted the motion if timely made.

Second, while, as the Government acknowledges, *see id.* at 7-8, its delay of twelve days is significant, unlike the District of Kansas cases, it was not part of a persistent pattern of delays of as long as twelve months that continued even in the face of a prior court warning, including a post-warning delay of seventy-one days,

2

*compare In re Application*, 2015 WL 667923, at *5-7; *In re United States*, 2017 WL 1208054, at *4-6.  Nor did the delay impact any pending judicial proceeding.[1]

Third, the delay in this case was the product of an inadvertent oversight attributable to calendaring and administrative error, a situation in which, absent a persistent pattern of delays, courts are "more forgiving of missed deadlines" than when a delay is attributable to "poor lawyering, e.g., where counsel misconstrues or misinterprets the rules or law or makes poor tactical decisions."  *In re Application*, 2015 WL 667923, at *6 (cleaned up).

Finally, the Government acted in good faith.  Indeed, to her credit, the Government's counsel promptly filed the Initial Motions upon learning of the error and has since invested considerable time in investigating and correcting the calendaring and administrative problems that led to the oversight.

The Government having made the requisite showing of excusable neglect, the Renewed Motion is **GRANTED**, and the sealing and delayed notice periods are **EXTENDED** for a ninety-day period through and including February 28, 2023.

Dated: January 23, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[1] In addressing the potential impact on judicial proceedings, the Government submits that the recent case of *In re Application for Monitoring of Global Positioning System Information*, No. 22-sc-764 (ZMF), 2022 WL 17817748 (D.D.C. Dec. 20, 2022), "indicates that it is an open question as to whether the Government has any statutory duty, much less a clear statutory duty, to seek (or extend) a delayed notice order as it relates to the customer who is either the listed subscriber or the primary user of the cell phone."  Renewed Motion at 9.  I need not and do not consider that question.